Ronald A. Williams,  :
               Petitioner  :
                          :
           v.  :
                          :
Pennsylvania Department  :
of Corrections,  :  No. 387 M.D. 2015
               Respondent  :  Submitted: April 15, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                       FILED: July 20, 2016

       The Pennsylvania Department of Corrections (Department) filed preliminary objections in the nature of a demurrer to Ronald A. Williams' (Williams) pro se petition for review (Petition) filed in this Court's original jurisdiction seeking injunctive relief. The sole issue before the Court is whether Williams' Petition states a claim upon which relief may be granted. After review, the Department's preliminary objections are sustained and Williams' Petition is dismissed.

       Williams is currently serving a life sentence at the State Correctional Institute at Fayette (SCI-Fayette). According to the Petition, Williams was diagnosed with Hepatitis C Viral Infection (Hepatitis-C) in 1999, for which he continues to be monitored in the chronic care clinic. Gilead Sciences Inc. has perfected two medications, one in 2013 and the other in 2014 that have a high cure rate for Hepatitis-C. Williams has been advised that the Department is working on an updated protocol for treating inmates with Hepatitis-C.

Williams filed his Petition on August 5, 2015, alleging that "[t]he [Department] is willfully violating [his] federally [sic] and state rights under the State Constitution and the Federal Constitutions [sic] to be free from cruel and unusual punishment" and asking this Court to "issue an[] [o]rder [u]pon the [Department] and [its] Bureau of Health Care Services to establish a realistic reasonable and eff[i]catious protocol and to treat Williams' [Hepatitis-C]." Petition at 2, 3-4 ¶¶ 11, 24. On August 11, 2015, the Department filed its Preliminary Objections. On December 30, 2015, Williams filed a Motion for Discovery (Discovery Motion). On January 27, 2016, Williams filed a Motion to Compel the Department to comply with Williams' Discovery Motion. By January 28, 2016 order, this Court denied Williams' Discovery Motion and dismissed his Motion to Compel as moot.

This Court's review of preliminary objections is limited to the pleadings. *Pa. State Lodge, Fraternal Order of Police v. Dep't of Conservation & Natural Res.*, 909 A.2d 413 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007).

> [This Court is] required to accept as true the well-pled averments set forth in the . . . complaint, and all inferences reasonably deducible therefrom. Moreover, the [C]ourt need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections.

*Id.* at 415-16 (citations omitted).

The Department first argues that Williams failed to state a claim upon which relief can be granted under Section 1983 of the Civil Rights Act (Section 1983), 42 U.S.C. § 1983, which is the basis of Williams' Petition, because the Department is not a "person" for purposes of a Section 1983 action. We agree.

2

Section 1983 states, in pertinent part:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added). With respect to "person" in regards to a Section 1983 action, this Court explained:

> In *Will v. Michigan Department of State Police,* 491 U.S. 58 . . . (1989), the United States Supreme Court held that neither a state nor a state agency is a person for purposes of [S]ection 1983 lawsuits. *Accord Flesch v.* [*E.*] [*Pa.*] *Psychiatric* [*Inst.*]*,* 434 F.Supp. 963 (E.D. Pa. 1977); *Faust v.* [*Dep't*] *of Revenue,* . . . 592 A.2d 835 ([Pa. Cmwlth.] 1991) *petition for allowance of appeal denied,* . . . 607 A.2d 257 ([Pa.] 1992).
>
> It is undisputed that [] the Department . . . constitute[s a] Commonwealth agenc[y]. Under [S]ection 201 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 61, the Department is designated an administrative department of the Commonwealth. *See also* 2 Pa.C.S. § 101. . . .
>
> Therefore, we hold that the Department . . . [is] not subject to suit under 42 U.S.C. § 1983.

*Warren v. Pa. Dep't of Corr.,* 616 A.2d 140, 141-42 (Pa. Cmwlth. 1992). Accordingly, Williams failed to state a claim under Section 1983 since the Department is not a "person" within the meaning of Section 1983.

Next, the Department contends Williams failed to state a claim upon which injunctive relief can be granted because he cannot demonstrate that there is an urgent necessity to avoid an injury which cannot be compensated in damages, and

3

that greater injury will result from refusing rather than granting the relief requested. We agree.

> [A p]etitioner['s] threshold burden when seeking a permanent injunction is to establish a clear legal right to relief. To secure injunctive relief, [a p]etitioner[] must demonstrate that the right to relief is clear, that there is an urgent necessity to avoid an injury which cannot be compensated in damages, and that the greater injury will result from refusing rather than granting the relief requested.

*Tindall v. Dep't of Corr.,* 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014) (citation omitted).

Here, Williams averred in his Petition, in relevant part:

> [Williams] has been diagnosed with Hepatitis-C Genotype-1 at the SCI[-]Graterford in 1999[.] Gilead Sciences Inc[.] (hereafter Gilead) has perfected (2) medications in 2013 and 2014 respectively[,] that offer a 96 to a 99% cure rate for the Hepatitis C Virus.
>
> Hepatitis C affects 3[.]2 [m]illion Americans and <u>kills</u> more people each year tha[n] HIV/AIDS in the United States and is clearly a severe life threatening viral infection. (See Ex. A)
>
> In 2013[,] Gilead developed <u>and marketed Sovaldi</u> which is administered with two other anti-viral medications[,] i.e[.,] Pegylated Interferon Injections and ribavirin tablets.
>
> In 2014[,] Gilead developed <u>and [m]arketed Harvoni</u> [w]hich was a major breakthrough which only required a <u>single [t]ablet</u> regiment once a day and required no other anti[-]viral medications[.]
>
> Hepatitis C is a life threatening [v]iral [i]nfection that destroys vital liver functions over time[.] It can and does lead to serious and potentially fatal complications, including liver cancer[,] cirrhosis and the need for liver transplantation[.] Inclusive with serious liver damage and complications if left untreated hepatitis C can include but is not limited [to] Type 2 Diabetes[,] Rheumatologic disorders and thyroid disease.

4

> [Williams] [c]urrently suffers from rheumatoid arthritis in his right knee[,] shoulder and wrist pain [sic] and is required to wear a brace for his knee and has been required to take pain medication for the last six years[,] is limited to sleeping in a lower bunk and the proximal cause of [Williams'] suffering is his hepatitis C viral infection[.]

Petition at 1-2, ¶¶ 4-9. The above averments, while declaring that Williams has Hepatitis-C and that new medications have been developed which claim a high cure rate,[1] do not demonstrate that ordering the Department to establish a protocol for treating Hepatitis-C with the new medications is "an urgent necessity to avoid an injury which cannot be compensated in damages, and that the greater injury will result from refusing rather than granting the relief requested." *Tindall,* 87 A.3d at 1034.

Indeed, according to the Final Appeal Decision issued by the Department's Secretary's Office of Inmate Grievances and Appeals:

> [Williams'] concern of not being provided proper medical care for Hepatitis C was reviewed by the staff of the Bureau of Health Care Services. They reviewed the medical record and determined that the medical care provided was reasonable and appropriate. The [Department] is updating its protocol for treating Hepatitis C. [Williams] will continue to be monitored in [the] chronic care clinic. Once the protocol is issued, [he] will be re-evaluated for treatment with medication. [Williams is] encouraged to participate in [his] treatment plan and to discuss [his] concerns or changes of condition with a practitioner. No evidence of neglect or deliberate indifference has been found.

Petition Ex. I.[2] "Absent a showing that [prison] officials have engaged in

---

[1] Inmates do not get to choose their own medications or treatment. *Kretchmar v. Commonwealth,* 831 A.2d 793 (Pa. Cmwlth. 2003).

[2] "[C]ourts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.,* 103 A.3d 365, 369 (Pa. Cmwlth. 2014).

constitutionally[-]impermissible conduct,[3] it is not in the public's interest for the court to usurp the [Department's] authority and micro-manage the medical needs of a particular inmate." *Kretchmar v. Commonwealth,* 831 A.2d 793, 799 (Pa. Cmwlth. 2003) (quoting *Berman v. Lamer,* 874 F.Supp. 102, 106 (E.D. Pa. 1995)). We must, therefore, hold that Williams' Petition fails to state a claim for injunctive relief.

Lastly, the Department asserts that Williams failed to state a claim upon which relief can be granted because he failed to sufficiently plead facts regarding the current state of or the progression of his Hepatitis-C or his eligibility for the specifically-desired medications under the manufacturer's guidelines. We agree.

Pursuant to Pennsylvania Rule of Civil Procedure 1019(a) (Rule 1019(a)): "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. No. 1019(a). "[Rule 1019(a)] requires a plaintiff to plead **all the facts that he must prove in order to achieve recovery** on the alleged cause of action. The pleading must be sufficiently specific so that the defending party will know how to prepare his defense." *Commonwealth ex rel. Pappert v. TAP Pharms. Products, Inc.,* 868 A.2d 624, 635 (Pa. Cmwlth. 2005) (emphasis added). Here, Williams cannot succeed on a claim that the Department must provide him with a specific medication without proving that he is in fact eligible for the medication. Thus, because Williams failed to plead such eligibility, he has failed to state a claim upon which relief may be granted.

---

3      [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Kretchmar v. Commonwealth,* 831 A.2d 793, 799 (Pa. Cmwlth. 2003) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)).

For all of the above reasons, the Department's preliminary objections are sustained and Williams' Petition is dismissed.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald A. Williams,                          :
                         Petitioner          :
                                             :
            v.                               :
                                             :
Pennsylvania Department                      :
of Corrections,                              :      No. 387 M.D. 2015
                         Respondent          :

# O R D E R

AND NOW, this 20th day of July, 2016, the Pennsylvania Department of Corrections' preliminary objections in the nature of a demurrer to Ronald A. Williams' (Williams) petition for review (Petition) are sustained and Williams' Petition is dismissed.

_____
ANNE E. COVEY, Judge