**Paul BALLOD, Petitioner,**

v.

**DEPARTMENT OF CORRECTIONS,
Angelo Anthony Anzalone,
Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 22, 1996.

Decided May 31, 1996.

Paul Ballod, Pro Se, Petitioner.

Mark E. Morrison, Senior Deputy Attorney General, for Respondent, Department of Corrections.

Before: McGINLEY and FRIEDMAN, JJ., and KELTON, Senior Judge.

McGINLEY, Judge.

This is an appeal by Paul Ballod (Ballod) from an order of the Court of Common Pleas of Cumberland County (common pleas court) entering summary judgment in favor of the Pennsylvania Department of Corrections (Department).[1]

On May 16, 1994, Ballod, proceeding pro se, filed a second amended complaint[2] against Dr. Anzalone and the Department. Ballod alleges:

1. The Department of Corrections is responsible for my medical care while in its custody.

2. Doctor Angelo Anthony Anzalone is an employee of the Department of Corrections and as such was acting within the scope of his employment and is sued in his official and individual capacity.

. . . .

4. Doctor Anzalone stopped the adrenocorticotropic hormone (hereinafter ACTH) that I was using for my psoriasis on December 21, 1992, without seeing me or taking any tests or examinations.

5. Doctor Anzalone started the medication again on December 29, 1992, and referred me to an outside doctor (Doctor Herbert Fellerman) who stopped the medication for Doctor Anzalone.

. . . .

8. Doctor Anzalone authorized refills of ACTH and betamethasone dipropionate (hereinafter steroids) without conducting proper examinations [monitoring my condition, and supplemental treatment, paragraphs 9 and 10].

. . . .

---

1. The common pleas court also entered summary judgment in favor of Angelo A. Anzalone, M.D. (Dr. Anzalone) on June 20, 1995. Pa.R.A.P 341(c) provides:

   [W]hen multiple parties are involved, the trial court ... may enter a final order as to one or more but fewer than all the claims or parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. *In the absence of such a determination and entry of a final order, any*

   *order or other form of decision that adjudicates fewer than all the claims or parties shall not constitute a final order.* (emphasis added).

   Because the June 20, 1995, order was not final Ballod can raise on appeal any allegations of error concerning the common pleas court's entry of summary judgment in favor of Dr. Anzalone.

2. Ballod filed his original complaint against Dr. Anzalone and the Department on May 26, 1993, and he was allowed to amend his complaint on September 30, 1993.

11. Doctor Anzalone improperly diagnosed my condition as adrenal insufficiency and dysfunction of my pituitary gland.

12. Doctor Anzalone has not properly diagnosed my medical problems.

13. Doctor Anzalone failed to timely perform the requisite diagnostic tests and examinations.

14. Doctor Anzalone failed to procure a proper consulting opinion concerning my injuries, diagnosis and treatment in a timely manner.

. . . .

16. Doctor Anzalone failed to use the requisite skill and knowledge in interpreting diagnostic test and examination.

. . . .

18. Doctor Anzalone never told me of the consequences and side effects of the particular treatment and drug therapy I was receiving.

. . . .

22. Doctor Anzalone kept administering ACTH and steroids knowing they were causing my injuries.

23. Doctor Anzalone's treatment of my psoriasis and authorizations of refills of ACTH and steroids aggravated my preexisting striae and caused new ones and caused scars to my skin from wounds, caused my easy bruising and hemorrhages and skin atrophy, caused unipolar depression, muscle wasting, arteriosclerosis, osteoporosis, hypertension, skin discoloration, obesity, carbohydrate intolerance, liver enzyme damage, endocrine system dysfunction, irregular heartbeat, disfigurement which are all permanent in nature.

Amended Complaint, May 16, 1994, Paragraphs 1–2, 4–5, 8–13, 16, 18–19, and 22–23.

Dr. Anzalone and the Department filed answers with new matter to the amended complaint.[3] Dr. Anzalone and the Department then filed separate motions for summary judgment which the common pleas court granted. As to Dr. Anzalone, the common pleas court concluded that Ballod "has had ample opportunity in which to obtain an expert" and that "there is no support for any claim to have this time period extended or to have this court appoint an expert...." Opinion of the Common Pleas Court, June 20, 1995, at 7. As to the Department, the common pleas court concluded that because Ballod "failed to obtain an expert witness generally required ... in medical malpractice suits ... this court granted Anzalone's motion for summary judgment" and "[s]ince the granting of Dr. Anzalone's summary judgment motion extinguished the claim against him, any action based on a vicarious liability theory against ... the Department of Corrections, must likewise be terminated." Opinion of the Common Pleas Court, September 1, 1995, at 2.

On appeal Ballod contends: 1) that the common pleas court erred by limiting his discovery and by requiring him to obtain an medical expert; 2) that the common pleas court erred by not appointing a medical expert; and 3) that Dr. Anzalone failed to timely answer Ballod's discovery requests. These issues were raised before the common pleas court and ably disposed of in the opinion of the Honorable Kevin A. Hess. Therefore, we shall affirm on the basis of that opinion. *Ballod v. Department of Corrections and Angelo Anthony Anzalone*, (No. 1461 Civil 1993, filed June 20, 1995.)

### ORDER

AND NOW, to wit, this 31st day of May, 1996, the order of the Court of Common Pleas of Cumberland County at No. 1461 Civil 1993, dated June 20, 1995, is affirmed.

---

**3.** Ballod filed numerous motions which are enumerated in the common pleas court's opinion and order of June 20, 1995.