# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Darin W. Hoffman, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1674 C.D. 2016 |
| Dr. Samer Makhoul, M.D., Dr. Savas | : | Submitted: February 17, 2017 |
| Mavridis, M.D., Conemaugh | : | |
| Memorial Hospital, Inc., Dr. Rashida | : | |
| Mahmud, M.D., and Pennsylvania | : | |
| Department of Corrections, | : | |
| Bureau of Health Care Services | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                              **FILED:  May 5, 2017**

This matter is an appeal filed by Darin W. Hoffman (Plaintiff), *pro se*, from orders of the Cambria County Court of Common Pleas (trial court) in a civil action that he brought against the Pennsylvania Department of Corrections Bureau of Health Care Services (BHCS) and three physicians and a hospital that provided medical treatment to him.  The trial court dismissed Plaintiff's claims against defendant BHCS and one of the defendant physicians on preliminary objections and granted judgment on the pleadings in favor of the remaining three defendants.  For the reasons set forth below, we affirm.

On July 17, 2014, Plaintiff, an inmate at the State Correctional Institution at Somerset (SCI-Somerset), filed a *pro se* medical malpractice

complaint against Conemaugh Memorial Hospital, Inc. (Hospital) and two physicians, Dr. Samer Makhoul and Dr. Savas Mavridis. On September 23, 2014, Plaintiff filed an amendment of his complaint joining BHCS and SCI-Somerset physician Dr. Rashida Mahmud as defendants and asserting claims against them for alleged violation of the prohibitions against cruel and unusual punishment of the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution.

In his complaints, Plaintiff alleges that in July 2012 he was diagnosed with a collapsed right lung and was taken to the Hospital for performance of a talc pleurodesis, a surgical procedure whereby the lung is fused to the chest wall by introduction of talc. (Complaint ¶¶4-6, 41; Amended Complaint ¶¶3-5, Supplemental Reproduced Record (Supp. R.R.) at 14a.) At the Hospital, Plaintiff was seen by Dr. Makhoul, and Dr. Mavridis performed the talc pleurodesis procedure. (Complaint ¶¶6-7; Amended Complaint ¶¶5-6, Supp. R.R. at 14a.) Plaintiff alleges that his right lung did not fully reinflate after the talc pleurodesis procedure. (Complaint ¶8; Amended Complaint ¶7, Supp. R.R. at 14a-15a.) Plaintiff was discharged from the Hospital and returned to SCI-Somerset on July 19, 2012. (Complaint ¶10; Amended Complaint ¶8, Supp. R.R. at 15a.) Plaintiff alleges that he complained on July 24, 2012 at SCI-Somerset of difficulty breathing, that prison medical personnel performed x-rays that showed pneumonia, and that he was treated with an antibiotic. (Complaint ¶¶13-15; Amended Complaint ¶¶10-12, Supp. R.R. at 15a.) On September 12, 2012, Plaintiff was seen by SCI-Somerset chief medical officer Dr. Mahmud and she continued to be involved in the medical care for his right lung problems through early 2013. (Amended Complaint ¶¶13-19, 21, 24, Supp. R.R. at 15a-17a.) Plaintiff alleges

2

that Dr. Mahmud and BHCS did not provide adequate treatment or allow him to receive adequate treatment for the right lung and breathing problems that he reported to them. (*Id.* ¶¶14-21, 24, 32-37, 40, Supp. R.R. at 16a-17a, 19a-20a.)

Plaintiff did not file a certificate of merit when he commenced this action, but alleged in his July 2012 complaint that expert testimony was unnecessary to his malpractice claims. (Complaint ¶¶42-45.) In response to notices of intent to enter judgment of non pros, Plaintiff timely filed certificates of merit with respect to defendants Hospital, Makhoul and Mavridis on September 11, 2014 stating that expert testimony was unnecessary for the prosecution of his claims against those defendants. (Certificates of Merit; Docket Entries, Supp. R.R. at 2a.) Defendants Hospital, Makhoul and Mavridis filed answers and new matter to Plaintiff's July 2012 complaint against them. Defendants BHCS and Mahmud filed preliminary objections, including demurrers to Plaintiff's claims. Defendant Mahmud, in November 2014, also served on Plaintiff a notice of intent to enter judgment of non pros for failure to file a certificate of merit. Plaintiff did not file a certificate of merit with respect to Dr. Mahmud, and the trial court entered judgment of non pros as to Plaintiff's professional negligence claims against Dr. Mahmud. (Docket Entries, Supp. R.R. at 3a.)

On May 4, 2015, the trial court issued an order sustaining defendants BHCS and Mahmud's demurrers to Plaintiff's claims against them. In October and November 2015, defendant Mavridis and defendants Hospital and Makhoul filed motions for judgment on the pleadings, seeking judgment on the grounds that Plaintiff was precluded by his certificates of merit from introducing expert testimony and that without expert testimony, Plaintiff could not prove his claims against them. On November 20, 2015, the trial court granted defendant Mavridis's

motion for judgment on the pleadings, and on March 29, 2016, the trial court granted defendants Hospital and Makhoul's motion for judgment on the pleadings. Plaintiff timely appealed the trial court's March 29, 2016 entry of judgment on the pleadings and its order sustaining preliminary objections, which became final upon the entry of judgment on the pleadings for the last remaining defendants.[1]

Before this Court, Plaintiff contends 1) that he pleaded a valid cause of action against defendants BHCS and Mahmud for violation of the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution; 2) that expert testimony was not required to prove his medical malpractice claims; and 3) that if expert testimony was necessary, the trial court erred in not appointing an expert witness for him.[2] We conclude that none of these arguments is meritorious.

The trial court correctly held that Plaintiff did not state any valid cause of action for violation of his constitutional rights. Actions under 42 U.S.C. § 1983 (Section 1983) for violation of federal constitutional rights may be brought in the courts of this Commonwealth and are not subject to state sovereign immunity defenses. *Howlett v. Rose*, 496 U.S. 356, 367-83 (1990); *Jones v. City of Philadelphia,* 890 A.2d 1188, 1215-16 (Pa. Cmwlth. 2006) (*en banc*). Section 1983 provides in relevant part:

---

[1] Plaintiff appealed the trial court's orders to the Superior Court, which transferred the appeal to this Court pursuant to Pa. R.A.P. 751.

[2] Because this is an appeal from the sustaining of preliminary objections in the nature of a demurrer and from judgment on pleadings, our review of the trial court's orders is plenary. *Gale v. City of Philadelphia*, 86 A.3d 318, 319 n.1 (Pa. Cmwlth. 2014); *Tobias v. Halifax Township*, 28 A.3d 223, 225 n. 4 (Pa. Cmwlth. 2011).

4

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983. A state or state agency, however, is not a "person" under Section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64-71 (1989). Because BHCS is a Commonwealth agency, Plaintiff therefore as a matter of law had no cause of action against BHCS for violation of his federal constitutional rights. *Will*, 491 U.S. at 64-71; *Association of Settlement Companies v. Department of Banking*, 977 A.2d 1257, 1264 (Pa. Cmwlth. 2009) (*en banc*); *Verrichia v. Department of Revenue*, 639 A.2d 957, 962-64 (Pa. Cmwlth. 1994).

Although Plaintiff's federal constitutional claim against Dr. Mahmud is not barred on this ground,[3] Plaintiff's allegations were insufficient to set forth a federal constitutional violation. To state a cognizable claim for violation of the Eighth Amendment's prohibition on cruel and unusual punishment based on failure to provide adequate medical care, an inmate must allege acts or omissions that constitute deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976); *Tindell v. Department of Corrections*, 87 A.3d 1029, 1038 (Pa. Cmwlth. 2014); *Kretchmar v. Commonwealth*, 831 A.2d 793, 798 (Pa. Cmwlth. 2003). The requirement of deliberate indifference is satisfied only where the inmate shows that the defendant knew of and disregarded an excessive risk to

---

[3] Plaintiff's amended complaint included claims against Dr. Mahmud in her personal capacity. (Joinder Praecipe ¶1, Supp. R.R. at 8a.) A cause of action for damages under Section 1983 can be asserted against a state official in her personal capacity. *Hafer v. Melo*, 502 U.S. 21, 25-31 (1991).

5

his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Tindell*, 87 A.3d at 1039; *Kretchmar*, 831 A.2d at 799. The mere claim that medical treatment provided by prison doctors or officials was inadequate is insufficient to state a cause of action for violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105-08; *Kretchmar*, 831 A.2d at 799; *Wareham v. Jeffes*, 564 A.2d 1314, 1323 (Pa. Cmwlth. 1989). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Plaintiff's amended complaint did not allege any refusal to provide medical treatment for his lung and breathing problems or any disregard of his need for medical treatment for that condition. To the contrary, he alleged that diagnostic tests were performed in response to his reports of breathing problems, that he was given medical treatment for the conditions diagnosed from those tests, and that he was sent outside the prison for further medical evaluation. (Amended Complaint ¶¶10-12, 23-24, 26, Supp. R.R. at 15a, 17a-18a.) The facts pleaded by Plaintiff therefore, at most, set forth claims that the treatment he received was inadequate and were not sufficient to constitute deliberate indifference to medical needs.

Plaintiff likewise did not plead any valid cause of action for violation of Article I, Section 13 of the Pennsylvania Constitution. The courts of this Commonwealth have not recognized any private right of action for money damages for violation of the Pennsylvania Constitution. *Mount Airy #1, LLC v. Pennsylvania Department of Revenue*, 154 A.3d 268, 280 n.11 (Pa. 2016); *Balletta v. Spadoni*, 47 A.3d 183, 192-93 (Pa. Cmwlth. 2012); *R.H.S. v. Allegheny County Department of Human Services, Office of Mental Health*, 936 A.2d 1218, 1226 (Pa.

6

Cmwlth. 2007); *Jones,* 890 A.2d at 1208, 1216.[4] In any event, even if such a cause of action existed, Plaintiff's allegations were insufficient to set forth any violation of the Pennsylvania Constitution. Article I, Section 13 of the Pennsylvania Constitution provides no greater or different protection to prisoners than the Eighth Amendment to the United States Constitution, and any claim under Article I, Section 13 concerning prisoner medical treatment or safety requires the same showing of deliberate indifference as under the Eighth Amendment. *Tindell*, 87 A.3d at 1036 n.8; *Jochen v. Horn*, 727 A.2d 645, 649 (Pa. Cmwlth. 1999). Because Plaintiff alleged only a disagreement with the adequacy of treatment that is insufficient to state a claim of an Eighth Amendment violation, his allegations equally failed to state a claim for violation of Article I, Section 13 of the Pennsylvania Constitution.

The trial court also correctly concluded that Plaintiff as a matter of law could not prove his malpractice claims. Because the complexities of the human body are beyond the knowledge of laypersons, expert testimony is ordinarily required to prove negligence and causation in medical malpractice actions. *McCool v. Department of Corrections*, 984 A.2d 565, 571 (Pa. Cmwlth. 2009); *Vazquez v. CHS Professional Practice, P.C.*, 39 A.3d 395, 397-99 (Pa. Super. 2012). The absence of expert opinion is therefore fatal to a claim for medical malpractice and judgment for the defendant is properly granted for failure to produce expert opinion, unless the defendant's breach of the standard of care

---

[4] Although Plaintiff also included requests for declaratory and injunctive relief in his complaint against BHCS and Dr. Mahmud, he has not set forth any basis for such relief, as his allegations assert only a claim concerning failure to provide treatment in 2012 and early 2013 and contain no allegations that he suffered from any condition at the time that he filed the action in 2014 for which medical treatment was not being provided.

7

and the causal relationship of the defendant's conduct to plaintiff's injury involve matters so simple and obvious as to be within common knowledge. *McCool*, 984 A.2d at 571-72; *Vazquez*, 39 A.3d at 397-401.

In the certificates of merit that he filed, Plaintiff stated that expert testimony was not necessary for the prosecution of his claims. That certification barred him from presenting any expert testimony that defendants were negligent or that their negligence caused him any injury. Pa. R.C.P. No. 1042.3(a)(3) Note; *McCool*, 984 A.2d at 571-72 & n.9. Indeed, Plaintiff does not dispute that he had no expert testimony in support of any of his claims. Rather, he has asserted that negligence and causation were obvious because the surgery that was performed did not reinflate his lung and he was prematurely discharged from the Hospital before he had recovered. (Complaint ¶¶42-45.) We do not agree. The appropriate medical treatment for a collapsed lung, whether talc pleurodesis surgery may be unsuccessful even when competently performed, and the appropriate length of hospitalization for that surgical procedure are all questions that involve medical knowledge and judgment, not matters within common knowledge that can be evaluated by laypersons without expert medical testimony. Plaintiff also argues that he asserted a claim of lack of informed consent. (Appellant's Br. at 13.) Assertion of an informed consent claim, however, does not eliminate the need for expert testimony. While the plaintiff in an informed consent case need not offer expert testimony that the doctor acted negligently, expert testimony is required to prove the risks of the surgical procedure. Section 504 of the Medical Care Availability and Reduction of Error Act, Act of March 20, 2002, P.L. 154, § 504, *as amended*, 40 P.S. § 1303.504; *McSorley v. Deger*, 905 A.2d 524, 528, 532 (Pa. Super. 2006). Because Plaintiff was precluded from presenting expert testimony

8

and could not prove his malpractice claims against the physician defendants and the Hospital without expert testimony, the trial court properly granted judgment in favor of these defendants. *McCool*, 984 A.2d at 571-72.

Plaintiff's remaining claim, that the trial court should have appointed an expert witness, is without merit. An indigent plaintiff in a civil action has no right to a court-appointed expert to support his claims. *Ballod v. Department of Corrections*, 676 A.2d 1333, 1334 (Pa. Cmwlth. 1996); *Cook v. City of Philadelphia*, (Pa. Cmwlth., No. 2304 C.D. 2015, filed Nov. 28, 2016), slip op. at 21, 2016 WL 6938451 at *9;[5] *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987).

For the foregoing reasons, we affirm the trial court's orders sustaining defendants BHCS and Mahmud's preliminary objections and granting judgment on the pleadings in favor of defendants Hospital, Makhoul and Mavridis.

**JAMES GARDNER COLINS, Senior Judge**

---

[5] Because it is an unreported decision, this opinion is not binding precedent, but is considered by the Court for its persuasive value. 210 Pa. Code § 69.414(a).

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darin W. Hoffman,                                           :
               Appellant                  :
                                                        :
                                                        :
      v.                              :
                                                        : No. 1674 C.D. 2016
Dr. Samer Makhoul, M.D., Dr. Savas        :
Mavridis, M.D., Conemaugh                     :
Memorial Hospital, Inc., Dr. Rashida        :
Mahmud, M.D., and Pennsylvania             :
Department of Corrections,                       :
Bureau of Health Care Services                :

## ORDER

AND NOW, this 5th day of May, 2017, the orders of May 4, 2015 and March 29, 2016 of the Cambria County Court of Common Pleas in the above captioned matter are AFFIRMED.


                                     **JAMES GARDNER COLINS, Senior Judge**

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darin W. Hoffman,                          :
                    Appellant             :
                                          :
                                          :    No.  1674 C.D. 2016
                                          :
        v.                                :
                                          :    Submitted:  February 17, 2017
                                          :
Dr. Samer Makhoul, M.D., Dr. Savas        :
Mavridis, M.D., Conemaugh Memorial        :
Hospital, Inc., Dr. Rashida Mahmud,       :
M.D., and Pennsylvania Department         :
of Corrections, Bureau of Health Care     :
Services                                  :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


***OPINION NOT REPORTED***

DISSENTING OPINION
BY JUDGE McCULLOUGH                                FILED:  May 5, 2017


            I respectfully dissent.  At this stage of the proceedings, I believe that

Darin W. Hoffman has raised sufficient allegations in his complaint and amended

complaint regarding the adequacy of his treatment for his collapsed lung by the

various defendants and a premature discharge from Conemaugh Memorial

Hospital, Inc. (Hospital), such that the trial court's order sustaining the preliminary

objections of the Pennsylvania Department of Corrections, Bureau of Health Care

Services and Dr. Rashida Mahmud and granting a judgment on the pleadings in

favor of Hospital, Dr. Savas Mavridis, and Dr. Samer Makhoul was in error.


                              _____
                              PATRICIA A. McCULLOUGH, Judge