**COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS, Plaintiff**

v.

**Anthony LINDSEY, Defendant.**

Commonwealth Court of Pennsylvania.

Heard Oct. 5, 2009.

Decided Oct. 6, 2009.

Publication Ordered Dec. 1, 2009.

Debra S. Rand, Asst. Counsel, Camp Hill, for plaintiff.

Anthony Lindsey, defendant, pro se.

OPINION BY Senior Judge QUIGLEY.

The Commonwealth of Pennsylvania, Department of Corrections (Department) has filed a motion for preliminary injunction, seeking an order authorizing the Department to involuntarily treat Anthony Lindsey's (Mr. Lindsey) medical conditions. The Department seeks the preliminary injunction only if this Court concludes that Mr. Lindsey's First Amendment right to refuse medical treatment does not outweigh the Department's responsibility to provide adequate medical care for serious medical needs under the Eighth Amendment and *Estelle v. Gamble* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Because we conclude that Mr. Lindsey's right to refuse medical treatment does outweigh the Department's responsibility, we deny the preliminary injunction.

The facts, which appear to be undisputed, indicate that the inmate, Mr. Lindsey, suffers from a severe kidney ailment that requires periodic dialysis and other treatment. In addition, Mr. Lindsey has developed a gastrointestinal bleeding problem

because of an aneurysm and fistula which can be corrected surgically.

Surgery will not be attempted unless hemoglobin levels in his blood, low because of the bleeding, can be raised significantly. This would be accomplished by pre-surgery blood transfusions.

It is the Court's understanding that surgery to address the aneurysm condition would likely alleviate that condition and would cause an improvement to his overall health. This would at least, in part, make the dialysis more effective and would also complement other treatment procedures, which ultimately could conceivably result in his receipt of a transplanted kidney, which could possibly result in a cure.

Nevertheless, under any circumstances, the Court is satisfied that Mr. Lindsey's prognosis with or without a blood transfusion and surgery is poor, but without said surgery very poor.

We are satisfied that the Department is prepared to render whatever treatment is medically necessary and appropriate and to do so promptly. That treatment could conceivably include a transplanted kidney if eligibility requirements for same are met. The fact that Mr. Lindsey is in the correctional system is not a factor in such a decision.

However, Mr. Lindsey does not wish to have the treatment for his aneurysm condition if a blood transfusion is necessary to facilitate same. This is because of Mr. Lindsey's religious belief that he should not receive a blood transfusion.

We are satisfied that Mr. Lindsey understands all of the implications of his decision to refuse treatment. We are further satisfied that his decision to decline treatment is knowing, intelligent and voluntary. Mr. Lindsey is sincere in his beliefs, knowledgeable in his request, and

entitled to have his wishes respected, be they based on religion or otherwise.

On the other hand, state interest in efficiently operating state correctional institutions is also implicated in a case such as this. The Department seeks direction and, as stated, is prepared to follow the Court's directives, if they include full medical treatment or otherwise.

The Department alluded to the concerns it has in cases where inmates attempt to manipulate the system by either causing medical problems, such as a hunger strike, or otherwise, and being less than cooperative or manipulative in the treatment of known conditions. *See, e.g., Department of Public Welfare v. Kallinger,* 134 Pa. Cmwlth. 415, 580 A.2d 887 (1990). We specifically find that Mr. Lindsey is motivated by a sincere religious belief and for no other reason.

Therefore, Mr. Lindsey's request should be denied only if a compelling state interest requires that surgery, preceded by a blood transfusion, is required in order to facilitate a legitimate state interest.

We understand that any medical treatment offered, or for that matter refused, to an inmate can always be a matter of controversy. If it is thought that an inmate has been treated inappropriately or unfairly, significant morale problems, not only among inmates, but also among staff can develop. Public perception of the efficiency and humanity of our institutions can also be implicated. Thus, it is important to balance the inmate's rights with the rights of the Commonwealth.

In this non-manipulative case, in view of the fact that the Court is satisfied that the Department is ready, willing and able to provide appropriate medical treatment and also that the Court is satisfied of the inmate's knowing, intelligent and voluntary request that treatment involving blood

transfusion and its consequences not be implemented, we have little difficulty in concluding that Mr. Lindsey's private interests should prevail over any state interests advanced and considered this date.

Accordingly, we will respect the inmate's wishes that no blood transfusion will be administered in connection with the treatment of his conditions. *Cruzan v. Dir., Dep't of Health,* 497 U.S. 261, 110 S.Ct. 2841, 111 L.Ed.2d 224 (1990) (stating that a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment).

### ORDER

AND NOW, this 6th day of October, 2009, in accordance with the within Memorandum, the Department of Corrections' motion for a preliminary injunction is denied.