GRAY, J.,
OPINION and ORDER
And now, this 12th day of May, 2015, after a factual hearing on plaintiff’s motion for permanent injunction held May 5, 2015, for the following reasons, the court grants the injunction.
Findings of Fact
1. Kara Dara Young (hereinafter “Young”) is an inmate at SCI Muncy serving a life sentence.
2. Young suffers from end stage renal disease.
3. She currently receives kidney dialysis three times a week and death would occur in 30 days without dialysis.
*386 4. In April 2015 prior to the order of this court dated April 24, 2015, Young began refusing dialysis.
5. Young’s refusal created labored breathing and liquid retention causing hospitalization at Geisinger Medical Center.
6. After dialysis was resumed, Young’s health improved although it is not clear that her health has returned to baseline.
7. Young objects to dialysis because she has no trust in the dialysis provider, Chardoney.
8. Chardoney’s previous nurse provided poor treatment in the Spring and Summer of 2014, however Young likes the current nurse.
9. Chardoney normally comes to the institution Monday, Wednesday and Friday, however, at times they will have to change the treatment cycle to Tuesday, Thursday Saturday.
10. Dr. Donald Stone, the prison medical director, opines that regular treatments are preferred but changes are acceptable provided that weekly norms are met.
11. Young is competent and has no objection to dialysis and does not want to die.
12. She wants a different provider for her dialysis than the other 3 inmates and she receive.
13. Chardoney is the company with which SCI system has contracted with for dialysis.
14. Allowing Young to refuse dialysis and die to force *387 a change in prison medical care would violate the orderly operations of the prison and would not be in the best interest of the inmates of the institution.
15. The death of Young would damage the confidence and trust of the inmates in the institution.
16. Young does not object to treatment but to the details of the treatment and the provider.
Conclusions of Law
1. The Commonwealth has an overwhelming interest in maintaining prison order and security. Com. v. Kallinger, 580 A.2d 887, 890 (Pa. Cmwlth 1990).
2. The Commonwealth has a duty under the 8th Amendment to protect the health and welfare of persons in its custody. Id. at 891.
3. The Commonwealth’s interest in the orderly administration of its prison system outweighs the diminished right to privacy held by Young. Id. at 893.
4. The Commonwealth has established the six “essential prerequisites” required for injunctive relief. Warehime v. Warehime, 860 A.2d 41, 46 (Pa. 2004). See also Brayman Constr. Corp. v. Dep’t of Transp., 13 A.3d 925, 935 (Pa. 2011); Summit Towne Ctr., Inc. v. Shoe Snow of Rocky Mount, Inc., 828 A.2d 995, 1001 (Pa. 2003). In particular, the Commonwealth established the following:
(1) the relief is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by money damages; (2) greáter injury will occur from *388 refusing to grant the injunction than from granting it; (3) the injunction will restore the parties to their status quo as it existed before the alleged wrongful conduct; (4) the petitioner is likely to prevail in the merits; (5) the injunction is reasonably situated to abate the offending activity; and (6) the public interest will not be harmed if the injunction is granted. Brayman Constr. Corp., 13 A.3d at 935. See also Warehime, 860 A.2d at 46-47; Summit Towne Centre, Inc., 828 A.2d at 1002.
Discussion
This is not a right to die case. It is not a case where the inmate objects to dialysis. It is simply a case where a state prisoner wants to dictate the details of her medical care and choose the provider. The court is not aware of any cases endorsing that concept.[1] There was a point in time when the provider’s services fell below the standard of care and Ms. Young was correct to report that situation to remedy it. However, there has been no evidence that Ms. Young’s current concerns about the schedule for dialysis falls below the standard of care. Furthermore, refusing treatment is not an acceptable method for seeking change where Ms. Young’s life is at stake as well as the Commonwealth’s interests in protecting the health and welfare of its citizens and maintaining order and safety in the prison.
Accordingly, the court enters the following order.
*389 ORDER
And now, this 12th day of May, 2015, the Commonwealth’s request for a preliminary injunction is granted. The Commonwealth may involuntarily administer renal dialysis on Kara Dara Young and perform testing and acts related to the dialysis including necessary medication. The Commonwealth shall use its best efforts to maintain Young on a consistent schedule.

. While a single judge of the Commonwealth Court refused an injunction ordering a transfusion, that prisoner had a sincere religious belief against such transfusion. Such is not the case here. Commonwealth v. Lindsey, 984 A.2d 573 (Pa. Cmwlth. 2009).