# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Wade,                              :
           Petitioner          :
                                 :
         v.                       :   No. 1347 C.D. 2017
                                 :   SUBMITTED: March 16, 2018
Pennsylvania Board of                   :
Probation and Parole,                   :
           Respondent          :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                          FILED: May 8, 2018


John Wade (Petitioner) petitions for review from the Pennsylvania Board of Probation and Parole's (Board) August 16, 2017 Order, through which it affirmed its April 19, 2016 decision, which noted Petitioner's status as a convicted parole violator and extended his maximum parole violation date to June 30, 2019. In his petition, Petitioner maintains that the Board erred on statutory grounds and violated his constitutional rights by denying his request to be paroled due to his end-stage renal disease. We find Petitioner's arguments to be without merit and consequently affirm the Board.

Petitioner's lengthy criminal record indicates a roughly 25-year-long history of convictions for bad checks, forgery, and theft by deception, as well as probation violations. *See* Certified Record (C.R.) at 1-4, 40-47, 75-79, 103-05, 116-22, 158-

67, 170-74, 199-208, 215-23, 226-36, 359-65, 375-80, 384-89. For brevity's sake, we will only reference those convictions which are relevant to the matter before us.

The Board obtained parole authority over Petitioner as a result of sentences imposed upon him by the Court of Common Pleas of Union County in November 1996 for forgery and theft by deception, and by the Court of Common Pleas of Bucks County in March 2015 for probation violations and theft by deception. *Id.* at 1-4. On June 23, 2014, Petitioner entered *nolo contendere* pleas in the Court of Common Pleas of Lehigh County to seven counts of theft by deception spanning three separate criminal cases. *Id.* at 199, 208, 215-223, 226-36.

On April 29, 2015, the Board informed Petitioner that it had become aware of these Lehigh County convictions and consequently planned to hold a parole revocation hearing. *Id.* at 242. Petitioner responded on May 1, 2015 by formally acknowledging, in writing, that he had been apprised of his rights, was knowingly, intelligently, and voluntarily electing to admit that he had been convicted in the three Lehigh County cases, and was, "[w]ith full knowledge and understanding[,]" electing to waive his right to both the hearing itself and to being represented by counsel at that hearing. *Id.* at 242-45. Thereafter, on July 7, 2015, the Board ordered Petitioner to be recommitted as a convicted parole violator, in order to serve the unexpired balance of his sentences for seven counts of theft by deception, pending the outcome of three additional criminal indictments that had been lodged against Petitioner in Dauphin County for theft by deception and bad checks. *See id.* at 359-65, 375-80, 384-89, 406. Petitioner received probationary sentences in each of the Dauphin County cases on September 29, 2015, after which the Board reconvened on April 19, 2016 and formally set the length of Petitioner's recommitment term at three

years, nine months, and one day, with a new maximum parole violation date of June 30, 2019. *Id.* at 360, 376-77, 385-89, 414.[1]

The Board mailed its April 19, 2016 decision to Petitioner on April 26, 2016 and, on May 9, 2016, he responded by sending an "administrative remedies form" to the Board. *Id.* at 414, 420. Therein, Petitioner explained he was seeking relief on medical grounds, because, in his opinion, "THE BOARD'S DECISION PLACES MY LIFE IN JEOPARDY. AT THIS TIME I AM ONLY BEING KEPT ALIVE[ ] BY ALIFE [*sic*] SUPPORT SYSTEM (DIALYSIS). IF I DON'T RECEIVE A KIDNEY TRANSPLANT IN THE VERY NEAR FUTURE THE CHANCES A[RE] VERY HIGH I WILL DIE IN PRISON." *Id.* at 420. The Board replied on August 16, 2017, dismissing Petitioner's challenge and affirming its April 19, 2016 decision, on the basis that Petitioner had not articulated a viable request for administrative relief. *See id.* at 426.[2] This Petition for Review followed.[3]

---

[1] The Board expressly elected to "NOTE CONVICTIONS AT DAUPHIN COUNTY, INDICTMENTS #1089-15, 2615-15 & 2433-15[,] AND TAKE NO FURTHER ACTION AS [TO] THOSE CONVICTIONS." C.R. at 414.

[2]     The Board regulation authorizing administrative appeals/petitions for administrative review states that appeals/petitions must "present with accuracy, brevity, clearness and specificity whatever is essential to a ready and adequate understanding of the factual and legal points requiring consideration." 37 Pa. Code § 73.1. Your request for relief does not indicate that the Board made any evidentiary, procedural, or calculation errors in revoking your parole. The only thing that you request is that the Board consider your medical condition as a mitigating factor. This does not qualify as a valid request for administrative relief. Therefore, your request for relief must be dismissed for failure to present adequate factual and legal points for consideration [by] the Board.

C.R. at 426.

[3] Our standard of review in this matter is limited to determining whether the Board committed an error of law, violated Petitioner's constitutional rights, or made factual findings that

3

Petitioner's challenge to the Board's August 16, 2017 Order, which he presents in a rather confusing and semi-coherent fashion, essentially contains three interwoven arguments. First, Petitioner asserts that the Board disregarded its statutory authority, established by Section 9777 of the Sentencing Code, 42 Pa. C.S. § 9777, to authorize his "compassionate release" to an outside, non-correctional medical facility, due to him suffering from end-stage renal disease and consequently having a high likelihood of expiring in the near future. Petition at 5-8. Second, Petitioner alleges that the Board violated the Fourteenth Amendment of the United States Constitution by failing to hold a hearing at which Petitioner could present evidence in support of his Section 9777-based compassionate release request. *Id.* at 8-10. Finally, Petitioner maintains the Board's decision subjected him to cruel and unusual punishment, in contravention of the Eighth Amendment of the United States Constitution, because the Department of Corrections is unable to provide him with proper medical care. *Id.* at 11.

None of these claims, however, stand up to scrutiny. Section 9777 of the Sentencing Code states, in relevant part:

> If an inmate is committed to the custody of the [Department of Corrections (Department)], the [D]epartment, the inmate or a person to whom the court grants standing to act on behalf of the inmate may petition the sentencing court to temporarily defer service of the sentence of confinement and temporarily remove the inmate committed to the custody of the department, or other facility, for placement in a hospital, long-term care nursing facility or hospice care location.

42 Pa. C.S. § 9777(a). Therefore, the *sentencing court* has statutory authority to grant compassionate release on medical grounds. A "sentencing court" is explicitly defined in Section 9777(g) of the Sentencing Code as "[t]he trial judge who most

---

were not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

4

recently sentenced an inmate or, if the trial judge is no longer serving as a judge of that court, the president judge of the county court of common pleas." *Id.* at § 9777(g). Given that the Board clearly was not the sentencing court and, in fact, has no sentencing powers whatsoever, it could not grant Petitioner compassionate release pursuant to Section 9777. *Cf. Com. ex rel. Banks v. Cain*, 28 A.2d 897, 899 (Pa. 1942) ("A parole . . . does not obliterate the crime or forgive the offender . . . It does not set aside or affect the sentence; the convict remains in the legal custody of the state and under the control of its agents, subject at any time, for breach of condition, to be returned to the penal institution."); *Savage v. Pa. Bd. of Prob. & Parole,* 761 A.2d 643, 645 (Pa. Cmwlth. 2000), *amended on clarification* (Mar. 12, 2001) ("The Board can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the power to alter a judicially-imposed sentence."). Thus, the Board did not commit a due process violation or disregard its statutory authority in this matter.

Nor does Petitioner's remaining Eighth Amendment-based claim establish a basis for attacking the Board's decision. Judging by the statement he wrote on his administrative remedies form, Petitioner's challenge is rooted in his belief that he either cannot get, or is being denied, proper medical care in prison, and will die unless he receives an organ transplant. C.R. at 420. Thus, Petitioner should have directed his allegations of constitutionally impermissible, cruel and unusual punishment towards the Department of Corrections, the entity which is responsible for ensuring Petitioner receives adequate medical treatment while incarcerated, rather than the Board. *See, e.g., Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1033-35, 1038-41 (Pa. Cmwlth. 2014); *Com., Dep't of Corr. v. Lindsey*, 984 A.2d 573, 573 (Pa. Cmwlth. 2009); *Kretchmar v. Com.*, 831 A.2d 793, 795-800 (Pa. Cmwlth. 2003).

5

For the reasons discussed above, we affirm the Board's August 16, 2017 Order, in full.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Wade,                                    :
                    Petitioner                :
                                              :
          v.                                  :    No. 1347 C.D. 2017
                                              :
Pennsylvania Board of                         :
Probation and Parole,                         :
                    Respondent                :

## O R D E R

AND NOW, this 8th day of May, 2018, the Order of the Pennsylvania Board of Probation and Parole, dated August 16, 2017, is hereby AFFIRMED.


_____
ELLEN CEISLER, Judge