**Gary L. KRETCHMAR, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Department of Corrections, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 25, 2003.

Decided Sept. 8, 2003.

Gary L. Kretchmar, petitioner, pro se.

Marsha Mills Davis, Camp Hill, respondent.

Before PELLEGRINI, J., SIMPSON, J., and MIRARCHI, JR., Senior Judge.

OPINION BY Judge SIMPSON.

Gary L. Kretchmar (Petitioner), representing himself, filed a petition for review seeking an order compelling the Department of Corrections (DOC) to take action with respect to treatment of his allergies. DOC filed preliminary objections. We overrule DOC's preliminary objection for lack of jurisdiction, sustain its preliminary objection for failure to state a claim upon which relief can be granted, and dismiss the petition with prejudice.[1]

---

1. In ruling on preliminary objections, we must accept as true all well-pleaded material

Petitioner is an inmate in a state correctional facility (Facility) serving a life sentence plus a concurrent 10 to 20 year sentence. For over 14 years Petitioner suffered from and received treatment for varying degrees of allergy problems. These problems worsened in June 2001 "with rashes breaking out on his face and body and terrible itching problems." Petition for Review, ¶ 8. Petitioner underwent tests to determine the nature of his allergies.

The Petition contains many averments of contact with medical personnel and grievances regarding treatment, the most pertinent of which we summarize. In October 2001, after the testing, Petitioner was diagnosed with various environmental and food allergies. Among other prescription medicines, ointments and creams, he was prescribed Claritin, which relieved his symptoms. Petitioner treated with renewed prescriptions for Claritin until August 3, 2002, at which time the most recent Claritin prescription was "denied." Allegedly, Petitioner was told that the medical services vendor no longer permitted non-formulary prescriptions. Petitioner filed a grievance, which was denied by the DOC's Office of Inmate Grievances and Appeals. Throughout the grievance process, Petitioner offered to pay for "the only allergy medication specifically designed to treat environmental allergies." [2]

During the grievance process, Petitioner was prescribed Phenergan, an antihistamine, "as an alternate/replacement for Claritin." Petition for Review, ¶ 28. After taking one dose of Phenergan, Petitioner experienced "a terrible reaction, (dizziness, sluggish movement) when he awoke the next morning." He returned the remainder of the prescription to the Facility medical department "because he does not wish to become dependent upon depressants to treat an allergy problem." Petition for Review, ¶ 29.

A new vendor began supplying medical services at the Facility in January 2003. Petitioner again received a non-formulary prescription for Claritin. In February 2003, allegedly, Petitioner was told that the non-formulary prescription was "denied by [the new vendor] without even reviewing [Petitioner's] records and/or examining him." Petition for Review, ¶ 31.

Petitioner asserts DOC is showing deliberate indifference to his medical needs, thereby violating the Eighth Amendment to the United States Constitution (Eighth Amendment); [3] Article 1, Section 26 of the Pennsylvania Constitution (equal protection clause); [4] and DOC Policy No. DC–ADM 820. [5] He seeks an order compelling DOC to provide medical care "consistent with contemporary standards of decency" and to treat his allergy symptoms with medication and a diet specifically designed to provide relief; in the alternative, Peti-

---

allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Marrero by Tabales v. Commonwealth,* 709 A.2d 956 (Pa.Cmwlth.1998). In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.*

**2.** Presumably, Petitioner is referring to Claritin.

**3.** "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

**4.** "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." Pa. Const. Art. 1, § 26.

**5.** "Co–Payment for Medical Services." DOC Policy DC–ADM 820.

tioner seeks an order compelling DOC to permit him to pay for the medication he seeks.

DOC filed preliminary objections challenging jurisdiction and the legal sufficiency of Petitioner's statement of claim.

## I.

■ We must first decide the nature of Petitioner's action. Although Petitioner asserts it is not a mandamus action, we hold it must be treated as a mandamus action based on the relief sought.

■ A mandamus action is one where the petitioner seeks to compel the performance of a mandatory duty or a ministerial act by a governmental unit. *Saunders v. Dep't of Corrs.*, 749 A.2d 553 (Pa. Cmwlth.2000).

Here, the remedy Petitioner seeks is to compel the DOC to take certain actions. It is clear his petition is in fact seeking a writ of mandamus. Therefore, we will treat it as such. *Commonwealth ex. rel. Saltzburg v. Fulcomer*, 382 Pa.Super. 422, 555 A.2d 912, 914 (1989) (where, "appellant seeks to compel the Bureau of Corrections to act … his method of remedy is that of mandamus").[6]

## II.

■ DOC asserts this Court has no jurisdiction here because Petitioner's real complaint is against the medical services vendors who denied him the prescription he seeks. Because the vendors are not state employees or statewide officers, DOC alleges, this Court has no jurisdiction.

■ We note initially that DOC is the named respondent, and this Court exercises jurisdiction over actions against DOC.

42 Pa.C.S. § 761. DOC is charged with ensuring prisoners' medical needs are met. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ("These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration.").

Our Supreme Court's decision in *Bronson v. Cent. Office Review Comm.*, 554 Pa. 317, 721 A.2d 357 (1998) is instructive on the issue of our jurisdiction. *Bronson* involved confiscation of inmate civilian clothing. Our Supreme Court held the Commonwealth Court does not have *appellate jurisdiction* over inmate appeals of decisions by intra-prison disciplinary tribunals, such as grievance and misconduct appeals.

The Supreme Court also held the Commonwealth Court usually does not have *original* jurisdiction over an inmate's petition for review after a grievance proceeding. The Court held that original jurisdiction is not available "in a case not involving constitutional rights not limited by the [DOC]." *Id.* at 322–23, 721 A.2d at 359. Noting that prison inmates do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens, the Court concluded that an attempt to color the confiscation as a constitutional deprivation would fail. "Unless 'an inmate can identify a personal or property interest … not limited by [DOC] regulations and which has been affected by a final decision of the department' the decision is not an adjudication subject to the court's review." *Id.* at 323, 721 A.2d at 359 (citation omitted).

Here, Petitioner alleges violation of specific constitutional rights. Also, DOC is the named party and is responsible for

---

6. We note DOC argues, in the alternative, reasons for Petitioner's failure to state a claim upon which relief can be granted if we treat this action as a writ of habeas corpus. Because we hold it is a mandamus action, we need not reach that argument.

treating Petitioner's medical condition. Thus, our jurisdiction is invoked. *Holloway v. Lehman,* 671 A.2d 1179 (Pa. Cmwlth.1996) (Commonwealth Court has original jurisdiction where petitioners claimed specific constitutional violation). Accordingly, DOC's preliminary objection for lack of jurisdiction is overruled.

### III.

Finally, we address whether Petitioner states a claim upon which relief can be granted. Because we agree the petition does not state a claim for mandamus relief, we sustain DOC's preliminary objection.

■ Mandamus is an extraordinary remedy that compels the official performance of a ministerial act or a mandatory duty. *McGriff v. Bd. of Prob. and Parole,* 809 A.2d 455 (Pa.Cmwlth.2002). We may issue a writ of mandamus only where, "(1) the petitioner has a clear legal right to enforce the performance of an act, (2) the defendant has a corresponding duty to perform the act and (3) the petitioner has no other adequate or appropriate remedy." *Saunders,* 749 A.2d at 556. Mandamus, "will not lie to control the exercise of discretion unless the defendant's action is so arbitrary as to be no exercise of discretion at all." *Atlantic–Inland, Inc. v. Bd. of Supervisors of West Goshen Township,* 48 Pa.Cmwlth. 397, 410 A.2d 380, 383 (1980); *accord, Porter v. Bloomsburg State Coll.,* 450 Pa. 375, 301 A.2d 621 (1973).

Petitioner seeks to compel DOC to "provide Medical Care consistent with contemporary standards of decency, and treat his environmental allergy symptoms with medication and a dietary plan specifically designed to provide relief, or in the alternate, to permit Petitioner to pay for the medication pursuant to provisions in DC–ADM 820 Medical 'Co–Pay' Procedures." It is apparent from his pleading and brief

that Petitioner seeks to compel DOC to provide him with Claritin.

### A.

■ Initially, we note Petitioner's claim under the equal protection clause of the Pennsylvania Constitution fails. The equal protection clause "protects an individual from state action that selects him out for discriminatory treatment by subjecting him to a provision in the law not imposed on others of the same class." *Correll v. Dep't of Transp.,* 726 A.2d 427 (Pa.Cmwlth.1999), *aff'd,* 564 Pa. 470, 769 A.2d 442 (2001). Nowhere in his petition does Petitioner allege he was subjected to treatment different from that received by other prisoners at the Facility. Without such an allegation, a claim under the equal protection clause is not stated.

### B.

■ Petitioner's Eighth Amendment claim also fails. The United States Supreme Court established the test for an Eighth Amendment violation with respect to medical treatment in *Estelle,* where it held, "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104, 97 S.Ct. 285 (citations omitted).

■ The deliberate indifference standard contains both an objective element and a subjective element. The former requires that the deprivation suffered by the prisoner be "objectively, 'sufficiently serious....'" *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As the United States Supreme Court explained in *Farmer,* to be sufficiently serious "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessi-

ties." *Id.* at 834, 114 S.Ct. 1970. The subjective element requires that the officials act with a "sufficiently culpable state of mind." *Id.* In *Farmer*, the Court illuminated the nature of deliberate indifference as follows:

> We hold ... that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837, 114 S.Ct. 1970.

■ Not every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim. *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir.1997). Thus, failure to treat a common cold does not constitute deliberate indifference to a serious medical need. *Gibson v. McEvers*, 631 F.2d 95 (7th Cir.1980). Similarly, a mild case of asthma does not rise to the level of seriousness sufficient to support a claim for relief. *Oliver v. Deen*, 77 F.3d 156 (7th Cir.1996). Also, an inmate's inability to obtain over-the-counter pain reliever for headaches does not violate the cruel and unusual punishment prohibition of the Eighth Amendment. *Stolte v. Cummings*, 70 P.3d 695 (Kan.Ct.App.2003).

Several circuits, including the Second Circuit, acknowledge that a serious medical condition exists where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Goodnow v. Palm*, 264 F.Supp.2d 125 (D.Vt. 2003). Factors considered include: "[t]he existence of an injury that a reasonable doctor or patient would find important

and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 131 (citations omitted). The Third Circuit uses the following standard:

> A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

*Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir.1987).

■ The deliberate indifference test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment.'" *Inmates of the Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979) (citations omitted). Complaints about medical care which "merely reflect a disagreement with the doctors over the proper means" of treating the prisoner's medical condition do not rise to the level of a constitutional violation. *Boring v. Kozakiewicz*, 833 F.2d 468, 473 (3d Cir.1987). "Absent a showing that [prison] officials have engaged in constitutionally impermissible conduct, it is not in the public's interest for the court to usurp the Bureau of Prisons' authority and micro-manage the medical needs of a particular inmate." *Berman v. Lamer*, 874 F.Supp. 102, 106 (E.D.Pa.1995).

Even a cursory review of the Petition reveals that Petitioner receives extensive medical attention while in prison. His allegations reflect his interest in receiving a specific medication, Claritin, to relieve rashes and itching. In addition, he alleges

dizziness and sluggish movement after taking one dose of the replacement prescription. He does not allege that access to medical treatment was denied or delayed, or that his daily activities were affected, or that he suffers any pain, or that further injury will result. Clearly, Petitioner does not satisfy the objective element of "denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. We therefore hold Petitioner's allegations insufficient to state a claim for deliberate indifference to a serious medical need.

That Petitioner alleges his non-formulary Claritin prescription was "denied" does not compel a different result, for several reasons. First, factually, Petitioner was given "an alternate/replacement for Claritin" which he declined to take more than once. Second, legally, Petitioner may not use mandamus to compel a discretionary act, such as the prescription of one medicine among many. *Atlantic–Inland.* Third, legally, Petitioner may not invoke a deliberate indifference claim to second-guess the adequacy of a course of treatment, which remains a question of sound professional judgment. *Inmates of Allegheny County.*

Satisfied by Petitioner's averments that for 14 years he has received frequent medical attention and treatment, including diagnostic tests, medicines, ointments and creams, we will not inquire into the adequacy of his extensive allergy treatment. For the foregoing reasons, we sustain DOC's preliminary objection for failure to state a claim upon which relief can be granted, and dismiss the petition for review with prejudice.

### ORDER

AND NOW, this 8th day of September, 2003, respondent Commonwealth of Pennsylvania, Department of Corrections' preliminary objection for lack of jurisdiction is OVERRULED, respondent's preliminary objection for failure to state a claim upon which relief can be granted is SUSTAINED, and Gary L. Kretchmar's petition for review is DISMISSED with prejudice.