Tyree Lawson,                                    :
                          Petitioner             :
                                                 :
            v.                                   :
                                                 :
Pa. Department of Corrections                    :
Secretary John Wetzel, SCI                       :
Graterford Superintendent Cynthia                :
Link, and SCI Graterford's Inmate                :
Accountant/s/,                                   :        No. 178 M.D. 2018
                          Respondents            :        Submitted: November 2, 2018

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  January 16, 2019

Before this Court are the Pennsylvania Department of Corrections (Department) Secretary John Wetzel, State Correctional Institution (SCI) Graterford (Graterford) Superintendent Cynthia Link, and SCI Graterford's inmate accountant(s)' (collectively, DOC) preliminary objections (Preliminary Objections) to Tyree Lawson's (Lawson) pro se petition for review (Petition) filed in this Court's original jurisdiction. After review, we sustain the Preliminary Objections, and dismiss the Petition.

**Background**[1]

On August 2, 2011, Lawson was transferred out of SCI Camp Hill and processed into SCI Forest, and designated to receive General Labor Pool (GLP)[2] pay until Lawson obtained institutional employment. On or about June 20, 2012, Lawson was assigned to work in SCI Forest's inmate library at a starting wage of $0.33 per hour. Thereafter, Lawson received a $0.02 raise every 60 days until March 2013, when he reached top inmate pay of $0.42 per hour. In February 2017, Lawson filed a request with the Department seeking an incentive-based facility transfer.[3]

On May 24, 2017, SCI Forest's officials informed Lawson that he was being transferred out of SCI Forest within 24 hours. On May 25, 2017, Lawson was transferred from SCI Forest to Graterford. On May 26, 2017, Lawson informed Graterford's inmate employment department that he was recently transferred to Graterford based upon an incentive-based transfer, was seeking immediate employment, and was ready and willing to work to maintain continued pay and ordinary routine.

On May 31, 2017, Graterford's inmate employment department replied to Lawson's May 26, 2017 written request, stating that the facility does not fill job positions by request and he would need to contact each worksite to request employment. On July 6, 2017, after discovering that he was receiving Graterford's GLP pay, Lawson wrote to Graterford's inmate accountant seeking correction of his back prison pay. On July 13, 2017, rather than being assigned to one of several

---

[1] The following facts are as alleged in the Petition.

[2] An inmate who is not compensated for work or school may be placed in the GLP. Therein, the inmate is required to maintain an acceptable level of personal hygiene, cleanliness of his living quarters, and accept work assignments within the housing unit. The inmate must follow all rules, participate in recommended programs, and be willing to accept any employment or school assignment offered. *See* Petition at 2 n.1.

[3] "Inmates maintaining a [l]evel 2 [c]ustody misconduct history for two consecutive years[] are eligible . . . [to] request[] a transfer closer to [their] home based county." Lawson Br. at 5.

inmate worksites Lawson contacted, he was instructed to report to Graterford's inmate kitchen II, on July 14, 2017, at 1:00 p.m., second shift. On July 14, 2017, Lawson reported to Graterford's kitchen II, and inquired into how he had been selected for a position he did not request. Kitchen II personnel informed Lawson that such was not their concern, and instructed him to either wash pots and pans or return to his housing unit with a write-up for refusing a direct order.

On July 18, 2017, Lawson filed an official inmate grievance regarding the forced kitchen II position, and Graterford's refusal to abide by DC-ADM 816,[4] stating that he unreasonably received GLP compensation/pauperis wages and that he diligently sought back pay and inmate employment reclassification to one of his requested inmate worksites. On July 21, 2017, Graterford's Employment Vocational Coordinator responded to Lawson's grievance that inmates have no right to refuse inmate employment, vaguely denied his other grievances, and instructed him to raise his purported medical issues with Graterford's medical department.[5]

On or about August 4, 2017, after discovering via his inmate account monthly statement, that Graterford officials were still paying him GLP pay instead of the DC-ADM 816 wages to which he was allegedly entitled, Lawson filed a second official inmate grievance stating Graterford's officials continued to violate DC-ADM 816. On or about August 7, 2017, the Graterford grievance department rejected Lawson's grievance, responding that Lawson already filed a prison pay-wages' grievance that was pending resolution. On August 30, 2017, Graterford's officials

---

[4] DC-ADM 816(U)(4) provides: "An inmate who is granted an incentive based . . . transfer shall keep his/her pay rate when transferred to another [DOC] facility. The inmate does not have to be placed in the exact job assignment to keep his/her same pay rate[.]" Petition App. A.

[5] Lawson set forth in the Petition that he developed a visible foot fungus/infection from working in the pot-washing room without protective equipment.

denied Lawson's payroll grievance because he was then being paid his previous hourly wage of $0.42 for his kitchen II responsibilities.

**Facts**

On March 15, 2018, Lawson filed the Petition seeking that "this [C]ourt issue declaratory relief declaring [DOC] in default and compel [DOC] to compensate [Lawson] with policy[-]dictated entitled back pay . . . to be credited to [Lawson's] inmate account without unnecessary delay." Petition at 5. By April 3, 2018 order, this Court granted Lawson's application to proceed *in forma pauperis*, waived the Court's filing fee and directed DOC to file an answer or otherwise plead within 30 days.

On May 3, 2018, DOC filed the Preliminary Objections in the nature of a demurrer for Lawson's failure to establish a clear legal right to relief regarding his request for back pay. Lawson did not respond. By June 19, 2018 order, this Court directed this matter to be decided on briefs without oral argument.

The law is well-settled:

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, **it must appear with certainty that the law will not permit recovery**, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. **When ruling on a demurrer,**

4

**a court must confine its analysis to the** [petition for review in the nature of a] **complaint**.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted). "[C]ourts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.,* 103 A.3d 365, 369 (Pa. Cmwlth. 2014). Thus, when deciding preliminary objections, this Court's analysis is limited to the Petition and attachments thereto.

"An examination of the relief requested establishes the nature of the cause of action and, thus, the standards to be applied to a demurrer." *Garber v. Pa. Dep't of Corr.*, 851 A.2d 222, 225 (Pa. Cmwlth. 2004). In support of its demurrer, DOC asserts that the Petition should be treated as an action in mandamus. The Petition provides that Lawson seeks "declaratory relief" and for this Court "**to compel** [**DOC**] **to compensate** [Lawson] . . . ." Petition at 5 (emphasis added).

> A mandamus action is one where the petitioner seeks to compel the performance of a mandatory duty or a ministerial act by a governmental unit.
>
> Here, the remedy [Lawson] seeks is to compel [] DOC to take certain actions. It is clear [the P]etition is in fact seeking a writ of mandamus. Therefore, we will treat it as such.

*Kretchmar v. Commonwealth*, 831 A.2d 793, 797 (Pa. Cmwlth. 2003) (citation omitted).

> Mandamus is an extraordinary remedy that compels the official performance of a ministerial act or a mandatory duty. We may issue a writ of mandamus only where, '(1) the petitioner has a clear legal right to enforce the performance of an act, (2) the defendant has a corresponding duty to perform the act and (3) the petitioner has no other adequate or appropriate remedy.' *Saunders* [*v. Dep't of Corr.*], 749 A.2d [553,] 556 [(Pa. Cmwlth. 2000)]. Mandamus, 'will not lie to control the exercise of discretion

5

unless the defendant's action is so arbitrary as to be no exercise of discretion at all.' *Atlantic-Inland, Inc. v. Bd. of Supervisors of W*[.] *Goshen* [*Twp.*], 410 A.2d 380, 383 ([Pa. Cmwlth.] 1980)[.]

*Kretchmar*, 831 A.2d at 798 (citations omitted).

"In general, allegations that [DOC] failed to follow its . . . internal policies cannot support a claim based upon a vested right or duty because these administrative rules and regulations, unlike statutory provisions, usually do not create rights in prison inmates." *Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017). Further, "[i]n *Miles v. Wiser*, 847 A.2d 237 (Pa. Cmwlth. [2004]), . . . (citing *Bryan v. Werner*, 516 F.2d 233 (3d Cir. 1975)), this [C]ourt stated that an inmate has no property right in keeping a prison job." *Bush v. Veach*, 1 A.3d 981, 984 (Pa. Cmwlth. 2010).

Here, Lawson alleges he is entitled to back pay pursuant to DC-ADM 816. However, DC-ADM 816 is an internal prison policy and, as such, does not bestow any rights upon Lawson. Accordingly, since Lawson cannot establish his eligibility for back pay because his employment status and the wages he receives therefor are not protected by any statute, regulation or right, he does not have "a clear legal right to enforce the" payment of back pay. *Kretchmar*, 831 A.2d at 797.

Moreover, in the Petition, Lawson claims DOC violated his First and Fourteenth Amendment rights by refusing to pay him his higher wages upon transfer because

> while at . . . SCI Forest, [Lawson] filed various official inmate grievances stemming [sic] officials there unreasonable official oppression, retaliation, harassment, etc. etc. [sic] Here, and presumably officials at [Graterford] effectively sought to retaliate against [Lawson] by refusing to abide and/or uphold and compensate [Lawson] with DC[-]ADM 816 Policy[-]entitled back pay, directive.

Petition at 5.

6

"[I]n order to properly state an equal protection claim, [Lawson] must allege that he is receiving different treatment from that received by other similarly-situated individuals due to his membership in a particular class and his assertions of intentional disparate treatment must be supported by specific factual allegations." *Mobley v. Coleman*, 110 A.3d 216, 222 (Pa. Cmwlth. 2015). "[O]ur Supreme Court held that to prevail on a First Amendment retaliation claim, the complainant must state sufficient facts to show that[, *inter alia*,] . . . the protected conduct was a substantial and motivating factor for the retaliation." *Richardson v. Wetzel*, 74 A.3d 353, 357 (Pa. Cmwth. 2013) (citing *Yount v. Dep't of Corr.*, 966 A.2d 1115 (Pa. 2009)).

In his brief, Lawson argues that although similarly-situated persons are to be treated alike, "[DOC] is incapable of producing either data or a similar scenario where the transferee was denied same compensation pay rate when transferred into another departmental facility," and

> specifically in light of [Lawson's] history of valid choice of exercising First Amendment rights, [DOC] is therefore even more incapable of attributing its refusal to uphold the letter of DC[-]ADM 816[] policy as being rationally related to any . . . legitimate penological objective of any of its [SCI] facilities.

Lawson Br. at 7.

However, nowhere in the Petition does Lawson allege that he was subjected to treatment different from how other Graterford prisoners were treated. Without such an allegation, Lawson has not stated a valid equal protection claim. Further, Lawson fails to aver any facts in the Petition to support his assertion that the protected conduct, *i.e.*, the filing of his grievances, was a substantial and motivating factor for his alleged payment discrepancies. Thus, Lawson did not set forth a

7

retaliation or equal protection claim. Accordingly, Lawson cannot establish a clear legal right to relief.

For all of the above reasons, DOC's Preliminary Objections are sustained and we are constrained to dismiss Lawson's Petition.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyree Lawson,                            :
                    Petitioner           :
                                         :
              v.                         :
                                         :
Pa. Department of Corrections            :
Secretary John Wetzel, SCI               :
Graterford Superintendent Cynthia        :
Link, and SCI Graterford's Inmate        :
Accountant/s/,                           :     No. 178 M.D. 2018
                    Respondents          :

# O R D E R

AND NOW, this 16th day of January, 2019, the Pennsylvania Department of Corrections Secretary John Wetzel, State Correctional Institution (SCI) Graterford Superintendent Cynthia Link and SCI Graterford's inmate accountant(s)' preliminary objections to Tyree Lawson's (Lawson) pro se petition for review (Petition) are sustained, and Lawson's Petition is dismissed.

_____
ANNE E. COVEY, Judge