## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard Crossan, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Department of Corrections | : | |
| and the Commonwealth of Pennsylvania, | : | No. 639 M.D. 2018 |
| Respondents | : | Submitted: May 3, 2019 |

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                                    FILED: July 9, 2019

Before this Court are the Pennsylvania Department of Corrections' (Department) and the Commonwealth of Pennsylvania's (collectively, Department) preliminary objections (Preliminary Objections) to Richard Crossan's (Crossan) petition for review (Petition) filed in this Court's original jurisdiction. After review, we sustain the Preliminary Objections, and dismiss the Petition.

On October 2, 1992, the Delaware County Common Pleas Court (trial court) sentenced Crossan to 5 to 10 years of incarceration for Robbery, and 5 to 10 years of incarceration for Conspiracy with the sentences to run concurrently (1992 Sentence). Thereafter, Crossan was released to a community corrections center (CCC).[1] On November 3, 1999, Crossan escaped from the CCC.

On April 5, 2001, the trial court sentenced Crossan to 5 to 10 years of incarceration for Robbery (April 2001 Robbery Sentence) to run concurrent with a federal sentence he was serving at that time.[2] *See* Petition ¶1. Also on April 5, 2001,

---

[1] The pleadings do not indicate on what date Crossan was released.

[2] The record does not disclose on what charges Crossan was in federal custody therefor. However, according to the Department's Records Supervisor's Affidavit, "Crossan was released

the trial court sentenced Crossan to 2 to 4 years of incarceration for Escape (April 2001 Escape Sentence), to run concurrent with the April 2001 Robbery Sentence and the federal sentence (collectively, April 2001 Sentences). *See* Petition ¶2. On October 20, 2002, the Department lodged a detainer against Crossan to retrieve him before he was released from federal custody, to complete the unserved portion of the 1992 Sentence.

Crossan has served his April 2001 Sentences. He is currently incarcerated in a Georgia federal penitentiary. Crossan's projected release date from federal custody is August or September of 2019.

On October 9, 2018, Crossan filed the Petition requesting that the Department remove any and all detainers it placed against him. On December 5, 2018,[3] the Department filed the Preliminary Objections in the nature of a demurrer alleging that since the detainer is proper, Crossan cannot state a claim upon which relief can be granted. Crossan filed an Answer thereto.

The law is well settled:

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therfrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, **it must appear with certainty that the law will not permit recovery**, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the

---

into the custody of the United States Marshal Service on November 24, 1999." Preliminary Objections Ex. B at 4.

[3] This Court granted the Department two extensions to answer the Petition to allow the Department staff time to review Crossan's sentencing information to ensure the correctness thereof.

challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. **When ruling on a demurrer, a court must confine its analysis to the [petition for review in the nature of a] complaint**.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted). "[C]ourts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014). Thus, when deciding preliminary objections, this Court's analysis is limited to the Petition and attachments thereto.

"An examination of the relief requested establishes the nature of the cause of action and, thus, the standards to be applied to a demurrer." *Garber v. Pa. Dep't of Corr. Sec'y*, 851 A.2d 222, 225 (Pa. Cmwlth. 2004). Here, the Petition provides that Crossan seeks the "[Department] to remove any and all detainers it has placed against [Crossan]." Petition at 2.

> A mandamus action is one where the petitioner seeks to compel the performance of a mandatory duty or a ministerial act by a governmental unit.
>
> Here, the remedy [Crossan] seeks is to compel the [Department] to take certain actions. It is clear [the P]etition is in fact seeking a writ of mandamus. Therefore, we will treat it as such.

*Kretchmar v. Commonwealth*, 831 A.2d 793, 797 (Pa. Cmwlth. 2003) (citation omitted).

> Mandamus is an extraordinary remedy that compels the official performance of a ministerial act or a mandatory duty. We may issue a writ of mandamus only where, '(1) the petitioner has a clear legal right to enforce the performance of an act, (2) the defendant has a corresponding duty to perform the act and (3) the petitioner has no other adequate or appropriate remedy.' *Saunders* [*v. Dep't of Corr.*], 749 A.2d [553,] 556 [(Pa. Cmwlth. 2000)].

3

> Mandamus, 'will not lie to control the exercise of discretion unless the defendant's action is so arbitrary as to be no exercise of discretion at all.' *Atlantic-Inland, Inc. v. Bd. of Supervisors of W*[.] *Goshen* [*Twp.*], 410 A.2d 380, 383 ([Pa. Cmwlth.] 1980)[.]

*Kretchmar*, 831 A.2d at 798 (citations omitted).

In his brief, Crossan states: "The intended end result of the Delaware County matters was that all state time would run concurrent with [] Crossan's [f]ederal [s]entence including the back time for the 1992 Sentence that [] Crossan 'escaped' from." Crossan Br. at 6. However, nowhere in the Petition does Crossan allege that the 2001 April Sentences were to run concurrent with his 1992 Sentence. Indeed, the trial court's "Certificate[s] of Imposition of Judgment of Sentence [(Certificate)]" reflect otherwise. Petition Exs. A, B.

Specifically, the Certificate for the 2001 Robbery Sentence includes a block stating: "The defendant shall receive such credit for time served as he is entitled by the laws of the Commonwealth of Pennsylvania. The sentences, confinement, and/or probation imposed shall be consecutive or concurrent as follows[.]" Petition Ex. A(G). In answer thereto, the trial court hand wrote: "To Run Concurrent w/Federal Sentence[.]" *Id.* Similarly, the Certificate for the 2001 Escape Sentence includes a block stating: "The defendant shall receive such credit for time served as he is entitled by the laws of the Commonwealth of Pennsylvania. The sentences, confinement, and/or probation imposed shall be consecutive or concurrent as follows[.]" Petition Ex. B(G). In answer thereto, the trial court hand wrote: "To Run Concurrent w/4897-99 [the 2001 Robbery Sentence] + Federal Sentence[.]" *Id.*

Because Crossan does not allege that he has served the remainder of the 1992 Sentence, and there are no allegations to support the fact that the detainer is not proper, he cannot establish that he has a clear legal right to relief.[4] Accordingly, the

---

[4] Because Crossan's only remaining claim is an isolated statement alleging "that the [Department's] failure to remove the detainer is in violation of his Constitution[al] rights[,]" and

4

Department's Preliminary Objections are sustained and Crossan's Petition is dismissed.

Crossan does not aver any facts supporting his allegation that the detainer was improperly lodged, it is insufficient to permit the Petition to go forward.  Petition ¶6.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Crossan,                                 :
                          Petitioner             :
                                                 :
              v.                                 :
                                                 :
Pennsylvania Department of Corrections           :
and the Commonwealth of Pennsylvania,            :        No. 639 M.D. 2018
                          Respondents            :

PER CURIAM

## O R D E R

AND NOW, this 9th day of July, 2019, the Pennsylvania Department of Corrections' and the Commonwealth of Pennsylvania's preliminary objections are SUSTAINED, and Richard Crossan's petition for review is DISMISSED.