IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Dukes,                              :
                    Petitioner              :
                                            :
            v.                              :
                                            :
Pennsylvania Department of                  :
Corrections,                                :    No. 281 M.D. 2020
                    Respondent              :    Submitted: December 11, 2020


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge[1]
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                      FILED:  February 17, 2021


            Before the Court are the Respondent's Preliminary Objections to
Petition for Review (Preliminary Objections), in the nature of a demurrer,[2] filed by
the Pennsylvania Department of Corrections (Department) in response to *pro se*
petitioner Michael Dukes' (Petitioner) Petition for Review (Petition), which seeks
an order compelling the Department to take action with respect to eyeglasses

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson became President Judge.

[2] Pennsylvania Rule of Civil Procedure 1028(a)(4) provides that preliminary objections may be filed by any party for legal insufficiency of a pleading (demurrer).  *See* Pa.R.C.P. No. 1028(a)(4).  A preliminary objection in the nature of a demurrer tests "the legal sufficiency" of the petition and will be sustained only in cases where the pleader has "clearly failed to state a claim for which relief can be granted."  *Clark v. Beard*, 918 A.2d 155, 158-59 n.4 (Pa. Cmwlth. 2007). "The demurrer may be granted only in cases which are so free from doubt that a trial would certainly be a fruitless exercise."  *Id*.

Petitioner received from prison officials. Upon review, we sustain the Preliminary Objections and dismiss the Petition with prejudice.[3]

Petitioner is incarcerated at the State Correctional Institution at Fayette (SCI-Fayette). *See* Petition at 5 (pagination supplied beginning on page after cover page), ¶ 1. On April 2, 2019, prison officials issued Petitioner eyeglasses made at SCI-Cambridge Springs. *See* Petition at 6; *see also* Inmate's Request to Staff Member dated April 5, 2019 (April 5, 2019 Inmate Request), attached as an exhibit to Petition.[4] On April 5, 2019, Petitioner filed an inmate request complaining that the eyeglasses he had been issued were inadequate. *See* Petition at 6; *see also* April 5, 2019 Inmate Request. On May 28, 2019, Petitioner filed a second inmate request complaining that the eyeglasses remained inadequate. *See* Petition at 6; *see also* Inmate's Request to Staff Member dated May 28, 2019 (May 28, 2019 Inmate Request), attached as an exhibit to Petition. The May 28, 2019 Inmate Request indicates that, on May 9, 2019, Petitioner was seen by an outside optometrist regarding his eyeglasses. *See* May 28, 2019 Inmate Request. The May 28, 2019 Inmate Request further indicates that SCI-Fayette officials discussed Petitioner's concerns on June 13, 2019, and would have Petitioner evaluated by the on-site optometrist regarding his concerns. *See* Petition at 6; *see also* May 28, 2019 Inmate

---

[3] In ruling on preliminary objections, this Court "must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom." *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). "The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* "In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id.*

[4] "Courts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it." *Freemore v. Dep't of Corr.*, 231 A.3d 33, 37 (Pa. Cmwlth. 2020) (quoting *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)) (internal brackets omitted).

Request. Petitioner was seen by the on-site optometrist on June 17, 2019. *See* Petition at 7; *see also* Initial Review Response attached to as an exhibit to Petition (Initial Review Response) at 1.

Petitioner filed Official Inmate Grievance No. 831043 (Grievance) with prison officials on October 21, 2019, claiming that his Department-provided eyeglasses were inadequate. *See* Grievance, attached as an exhibit to Petition. In the Grievance, Petitioner claimed that medical professionals at SCI-Fayette denied Petitioner prescribed medical treatment and/or acted with deliberate indifference to Petitioner's medical needs by

> delay[ing] or den[ying] [Petitioner's] prescribed medical treatment for non-medical reasons, chose an "easier or less efficacious treatment" or continued a course of treatment they know is ineffective.

Grievance at 1 (all capitals omitted). The Grievance referenced four (4) visits Petitioner had with optometrists in relation to his eyeglasses, as well as multiple communications with SCI-Fayette personnel regarding the same. *See id.* at 1-2.

On November 15, 2019, prison officials denied the Grievance after a review of Petitioner's medical records and discussions with the on-site optometrist revealed that Petitioner's issued eyeglasses were properly made and correctly comported with Petitioner's vision needs. *See* Initial Review Response at 1. In denying the Grievance, prison officials noted that Petitioner's complaints regarding his issued eyeglasses stemmed from a desire on Petitioner's part to have his eyeglasses made in the community as opposed to in a State Correctional Institution. *See id.* Petitioner appealed the Grievance determination through the various levels of the Department's internal grievance process until receiving a Final Appeal Decision on March 11, 2020. *See* Initial Review Response; Appeal to Facility

3

Manager dated December 2, 2019, attached as an exhibit to Petition; Facility Manager's Appeal Response dated January 7, 2020, attached as an exhibit to Petition; Inmate Appeal to Final Review dated January 26, 2020, attached as an exhibit to Petition; Final Appeal Decision dated March 11, 2020, attached as an exhibit to Petition.

On April 15, 2020, Petitioner filed the Petition with this Court, which alleges that the Department violated the Eighth Amendment of the United States Constitution[5] by denying Petitioner adequate eyeglasses. On June 17, 2020, Petitioner filed Petitioner's Motion for Special and Summary Relief (Application for Relief).[6] On August 12, 2020, the Department filed the Preliminary Objections. Petitioner filed Petitioner's Reply to Respondent's Preliminary Objections to the Petition for Review on August 21, 2020. On August 27, 2020, this Court filed an order directing the Preliminary Objections to be decided on briefs. The parties have each submitted briefs, and the matter is now ripe for determination.

We begin with a review of the Department's demurrer on the basis that the allegations of the Petition do not amount to a violation of the Eighth Amendment of the United States Constitution because the allegations fail to state a claim of deliberate indifference to Petitioner's serious medical and/or optical needs, as this

---

[5] The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "The Eighth Amendment is made applicable to the states through the Fourteenth Amendment [of the United States Constitution]." *Com. v. Real Prop. & Improvements Commonly Known As 5444 Spruce St., Phila., PA*, 832 A.2d 396, 399 (Pa. 2003).

[6] This Court dismissed Petitioner's Motion for Special and Summary Relief on July 9, 2020, for failure to serve the application as required by Pennsylvania Rule of Appellate Procedure 1514(c). *See* Commonwealth Court Order dated July 9, 2020. On July 24, 2020, Petitioner refiled the Motion for Special and Summary Relief together with a proper certificate of service, and that is the Application for Relief currently before the Court along with the Preliminary Objections.

objection is dispositive of this matter. *See* Preliminary Objections at 2-3.[7] It is apparent from the Petition and Petitioner's brief that Petitioner seeks to compel the Department to provide him with eyeglasses that meet his subjective approval. *See generally* Petition; Petitioner's Brief. As such, the Petition presents a request for mandamus relief.

[7] The Preliminary Objections list the following as reasons for its demurrer:

> (a) The denial of [] Petitioner's grievances, appeals[,] and requests do[] not constitute final adjudications for purposes of the Court's original or appellate jurisdiction;
>
> (b) [] Petitioner is not entitled to mandamus relief[] because he had no clear right to the requested relief and there is no clear obligation on the part of [the Department] to supply him with the medical and/or optical treatment he feels is warranted;
>
> (c) The allegations do not amount to a violation of the Eighth Amendment;
>
> (d) The allegations do not amount to deliberate indifference to [] Petitioner's serious medical and/or optical needs;
>
> (e) [] Petitioner has also failed to state a valid medical malpractice claim;
>
> (f) [] Petitioner has failed to attach a proper Certificate of Merit, because this claim is the kind of claim which requires expert medical testimony to establish the proper treatment for his condition;
>
> (g) [] Petitioner has failed to file a proper Certificate of Merit as required in medical malpractice claims under Rule 1042.3(a) of the Pennsylvania Rules of Civil Procedure;
>
> (h) [The Department] is immune from suit under the sovereign immunity statute[,] 42 Pa.C.S. § 8522(a); and
>
> (i) [] Petitioner failed to attach a copy of Grievance No. 831043 in violation of Rule 1019(h) of the Rules of Civil Procedure.

Preliminary Objections at 2-3 (internal citations omitted).

As this Court has explained:

> Mandamus is an extraordinary remedy that compels the official performance of a ministerial act or a mandatory duty. [This Court] may issue a writ of mandamus only where[] (1) the petitioner has a clear legal right to enforce the performance of an act, (2) the [respondent] has a corresponding duty to perform the act[,] and (3) the petitioner has no other adequate or appropriate remedy.

*Kretchmar v. Dep't of Corr.*, 831 A.2d 793, 798 (Pa. Cmwlth. 2003) (internal citations and quotation marks omitted). Further, the Court has noted that mandamus "will not lie to control the exercise of discretion unless the [respondent's] action is so arbitrary as to be no exercise of discretion at all." *Id.*

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court of the United States has concluded that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation and quotation marks omitted). Such indifference may be manifested "by prison doctors in their response to the prisoner's needs or by prison [personnel] in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05 (footnotes omitted).

"The deliberate indifference standard contains both an objective element and a subjective element." *Kretchmar*, 831 A.2d at 798. Accordingly, "[i]n order to state a claim alleging deliberate indifference, an inmate must allege that: (1) the deprivation of medical care is objectively sufficiently serious; and (2) subjectively, that prison officials acted with a culpable state of mind, being aware of, and disregarding, an excessive risk to the inmate's health and safety." *Baez v.*

6

*Pa. Dep't of Corr.* (Pa. Cmwlth., No. 311 M.D. 2013, filed Mar. 18, 2014),[8] slip op. at 6; *see also Neely v. Dep't of Corr.*, 838 A.2d 16, 20 n.6 (Pa. Cmwlth. 2003).

"[W]here the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," a serious medical condition exists and the first prong of the deliberate indifference standard is met. *Kretchmar*, 831 A.2d at 799. However, "[c]ourts will not find deliberate indifference where an inmate is receiving medical treatment, but merely disagrees with his course of treatment[.]" *Baez*, slip op. at 6. As this Court has explained:

> The deliberate indifference test affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment. Complaints about medical care which merely reflect a disagreement with the doctors over the proper means of treating the prisoner's medical condition do not rise to the level of a constitutional violation. Absent a showing that prison officials have engaged in constitutionally impermissible conduct, it is not in the public's interest for the court to usurp [Department's] authority and micro-manage the medical needs of a particular inmate.

*Kretchmar*, 831 A.2d at 799 (internal citations, quotation marks, and brackets omitted).

---

[8] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

Here, the Department does not suggest that Petitioner's visual deficiencies do not represent a serious medical condition,[9] but instead argues that Petitioner has not been deprived of medical treatment with regard to his condition. The Department argues that the exhibits attached to the Petition evidence that Petitioner has, in fact, received regular medical attention and assessment regarding the appropriateness and efficacy of his eyeglasses, and that his claims do not amount to allegations of deliberate indifference to his medical condition, but instead merely indicates Petitioner's disapproval of and disagreement with the Department's course of treatment of his optical condition. We agree.

Simply put, the allegations of the Petition do not rise to the level of an Eighth Amendment violation based on deliberate indifference to Petitioner's medical/optical needs. On the contrary, review of the Petition and attached exhibits reveals that prison officials have provided Petitioner with extensive medical attention for his optical complaints, including multiple visits to and consultations with various optometrists. The documentation included as exhibits to the Petition illustrates not only that those medical visits and consultations occurred, but that they resulted in determinations by the medical professionals consulted that Petitioner's eyeglasses were both properly made and adequate for his needs. Petitioner's dissatisfaction with these determinations does not transform them into deliberate indifference to Petitioner's medical or optical needs. In effect, Petitioner attempts to mandate the Department to follow his particular preferred course of medical treatment. However, this Court will not second-guess the propriety or adequacy of a particular course of treatment determined appropriate by the professional judgment

---

[9] Petitioner claims that wearing the improper eyeglasses supplied by the Department results in physical pain. *See* April 5, 2019 Inmate Request; May 28, 2019 Inmate Request.

of medical professionals employed by the Department to make such determinations. *Kretchmar*, 831 A.2d at 799.

In this case, none of the factual averments contained in the Petition, even if accepted as true, demonstrate the elements necessary for success on a claim under the Eighth Amendment for unconstitutional conditions of incarceration based on deliberate indifference by prison officials to Petitioner's medical/optical care. Therefore, Petitioner is not entitled to the mandamus relief he requests.

For the foregoing reasons, we sustain the Preliminary Objections and dismiss the Petition with prejudice. Further, because we sustain the Preliminary Objections and dismiss the Petition, Petitioner's outstanding Motion for Special and Summary Relief based upon the Petition is dismissed as moot.

_____
CHRISTINE FIZZANO CANNON, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Dukes,                          :
                    Petitioner           :
                                         :
            v.                           :
                                         :
Pennsylvania Department of               :
Corrections,                             :      No. 281 M.D. 2020
                    Respondent           :

O R D E R

AND NOW, this 17th day of February, 2021, the Respondent's Preliminary Objections to Petition for Review filed by the Pennsylvania Department of Corrections are SUSTAINED and *pro se* petitioner Michael Dukes' (Petitioner) Petition for Review is DISMISSED with prejudice.

Petitioner's Motion for Special and Summary Relief filed July 24, 2020 is DISMISSED as moot.

_____
CHRISTINE FIZZANO CANNON, Judge