IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mac Kenneth Ortiz,                          :
                          Petitioner        :
                                            :
            v.                              : No.  514 M.D. 2020
                                            : Submitted: September 17, 2021
Superintendent Lee Estock,                  :
Pa. Board of Probation and Parole,          :
Pa. Department of Corrections,              :
Philadelphia District Attorney's Office,    :
Pa. Attorney General's Office - Josh        :
Shapiro,                                    :
                          Respondents       :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                     FILED:  December 23, 2021

            Before this Court, in our original jurisdiction, Mac Kenneth Ortiz
(Ortiz) filed a petition for review (Petition) against Superintendent Lee Estock of
the State Correctional Institution (SCI) at Pine Grove, the Pennsylvania Board of
Probation and Parole (Parole Board),[1] the Pennsylvania Department of Corrections
(DOC), the Philadelphia District Attorney's Office (DA), and the Pennsylvania

---

[1] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board by Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776. *See* Sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa. C.S. §§6101, 6111(a).

Attorney General's Office, Josh Shapiro (AG) (collectively, Respondents), alleging violations of his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII. Specifically, he claims Respondents were deliberately indifferent to his medical needs. He contends that his many medical conditions compromise his immune system, placing him at risk of contracting the COVID-19 virus. As a result, he seeks compassionate release, having less than three years on his sentence. Ortiz also raises a *Bivens*[2] claim. Respondents[3] filed preliminary objections. Upon consideration, we sustain the preliminary objections and dismiss the Petition with prejudice.

## I. Background

Ortiz suffers from multiple medical conditions. In November 2017, Ortiz had a hypoglycemic stroke requiring hospitalization. While in the hospital, he was diagnosed with sarcoidosis, described as a condition in which inflammatory cells collect in tissues and organs. More recently, he underwent gallbladder surgery. He contends that DOC has not maintained his follow-up medical appointments as recommended by medical specialists, and instead, he receives care at the SCI.

---

[2] *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action is the "federal equivalent" to a Section 1983 action against a state actor pursuant to 42 U.S.C. §1983. *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001).

[3] The preliminary objections were filed on behalf of DOC, the Parole Board, and the Superintendent. Neither the DA nor the AG filed a response to the action. However, Ortiz acknowledged that the AG may be dismissed as an improper party and sought correction of the record in that regard under Pa. R.A.P. 1926. *See* Answer to Prelim. Objs., ¶H. Moreover, this Court may dismiss the Petition as to the DA for failure to state any specific claims against the DA. *See Mikkilineni v. Amwest Sur. Ins. Co.*, 919 A.2d 306 (Pa. Cmwlth. 2007). The Petition refers to the Superintendent's responsibility and prison officials generally; the DA is neither. As such, the Petition is dismissed as to the DA.

Predicated on his medical conditions, Ortiz filed his Petition in this Court, alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment in that Respondents provide deficient medical attention. Specifically, he claims that "due to [his] age [and] several medical diagnos[e]s"[4] there is a risk of contracting the COVID-19 virus. Pet. ¶6.

In response, Respondents filed preliminary objections in the nature of a demurrer. As to compassionate release, Respondents argue there is no cognizable claim because the sentencing court alone has the jurisdiction to alter the sentence. As to the Eighth Amendment claim, Respondents assert they are not deliberately indifferent to Ortiz's medical needs because there was no intentional delay or denial of medical care.

Ortiz filed an answer to the preliminary objections advising that he asserted additional claims.[5] He also argues that Respondents' inability to protect inmates from contracting COVID-19 supports his deliberate indifference claim.[6]

## II. Discussion

In his brief, Ortiz asserts that he is at a high risk of contracting COVID-19 due to his multiple health conditions. He also claims prison conditions subjecting him to the possibility of contracting COVID-19 or its variants while

---

[4] Ortiz notes his medical history of manic depressive disorder, post-traumatic stress disorder, chronic diabetes, neuropathy, cirrhosis of the liver, asthma and sarcoid disease. *See* Pet. ¶5.

[5] Ortiz states he also asserted Eleventh and Fourteenth Amendment claims under the United States Constitution, U.S. CONST. amends. XI, XIV. However, we discern no such claims in the Petition.

[6] Ortiz also filed an unrelated original jurisdiction matter at (Pa. Cmwlth., No. 615 M.D. 2018), challenging DOC's mail procedure. He filed a request for relief related to the alleged delay in receiving legal mail following his transfer to SCI-Houtzdale. By order dated March 15, 2021, this Court granted Ortiz additional time to serve the Petition.

3

incarcerated constitutes cruel and unusual punishment and challenges the efficacy of the vaccine administered to him.

## A. Demurrer

In reviewing preliminary objections, we must accept as true all well-pled allegations of material facts, as well as all inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr*., 185 A.3d 421, 423 n.3 (Pa. Cmwlth. 2018). However, this Court is not required to accept as true any unwarranted factual inferences, conclusions of law, or expressions of opinion. *Id*. Only where the pleading is "facially devoid of merit," should the demurrer be sustained. *Wurth by Wurth v. City of Phila.*, 584 A.2d 403, 406 (Pa. Cmwlth. 1990) (*en banc*) (citation omitted). Further, any doubt as to whether the law will permit recovery must be resolved in favor of the non-moving party. *Key*.

At the outset, we dismiss Ortiz's *Bivens* claim because the claim requires a federal actor in order to be actionable. *See Bivens*. None of the named respondents is a federal actor. Therefore, this claim fails as a matter of law, and it is dismissed with prejudice.

Next, we turn to the Eighth Amendment claim. "DOC is charged with ensuring prisoners' medical needs are met." *Kretchmar v. Com*., 831 A.2d 793, 797 (Pa. Cmwlth. 2003), *appeal denied*, 831 A.2d 793 (Pa. 2004) (quoting *Estelle, v. Gamble*, 429 U.S. 97, 103 (1976) ("These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration.")). In *Estelle* the Supreme Court of the United States held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth

Amendment." *Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1038 (Pa. Cmwlth. 2014) (quoting *Estelle*, 429 U.S. at 104).

To state a cognizable deliberate indifference claim under the Eighth Amendment, an inmate must allege facts that show a failure to respond to medical complaints or render medical treatment. *Estelle*. Complaints regarding the quality of medical treatment do not rise to the level of a constitutional claim. *See Tindell*. Specifically, "disagreement as to the course of treatment . . . do[es] not rise to the level of a constitutional violation merely because the patient is a prisoner." *Estelle*, 429 U.S. at 106. Rather, "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend the 'evolving standards of decency' in violation of the Eighth Amendment." *Tindell*, 87 A.3d at 1038. Accordingly, the type of medical care rendered and disagreement with prison medical staff regarding treatment options is also not actionable.

Whether the medical need of an inmate is sufficiently serious to constitute an injury amounting to cruel and unusual punishment is an objective inquiry. *Estelle*, 429 U.S. at 106-07. This Court explained:

> Common factors relied upon by the courts to determine if a medical need is sufficiently serious to fall within the ambit of the Eighth Amendment include whether the medical need is: (i) one that has been diagnosed by a physician as requiring treatment; (ii) one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention; (iii) one where denial or delay of treatment causes an inmate to suffer a life-long handicap or permanent loss; (iv) one where denial or delay of treatment results in unnecessary and wanton infliction of pain; (v) one that significantly affects an individual's daily activities; or (vi) one that causes chronic and substantial pain.

5

*Id.* at 1038-39 (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998); *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

Here, Ortiz complains about the level of medical care; critically, he does not claim that he is not receiving any medical care at all. Rather, he contends the level of medical care he receives is "mediocre." Pet. ¶4.

To the extent Ortiz claims that exposure to COVID-19 while incarcerated places him at greater risk of illness based on his medical conditions, we discern no merit in that contention as a basis for a deliberate indifference claim. He did not allege any facts indicating an indifference to his medical conditions, much less an intentional or deliberate indifference. The mere possibility of being susceptible to COVID-19 does not rise to the level of deliberate indifference to an inmate's serious medical needs.

### III. Conclusion

For the foregoing reasons, we sustain the demurrer as to both the *Bivens* and Eighth Amendment claims and dismiss the Petition with prejudice.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mac Kenneth Ortiz,      :
     Petitioner   :
            :
    v.      : No. 514 M.D. 2020
            :
Superintendent Lee Estock,   :
Pa. Board of Probation and Parole, :
Pa. Department of Corrections,  :
Philadelphia District Attorney's Office, :
Pa. Attorney General's Office - Josh :
Shapiro,        :
     Respondents  :

# **O R D E R**

**AND NOW**, this 23rd day of December 2021, the preliminary objections filed by Respondents to the petition for review (Petition) filed by Mac Kenneth Ortiz, Petitioner, are SUSTAINED, and the Petition is DISMISSED WITH PREJUDICE.

         _____
         J. ANDREW CROMPTON, Judge